UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 19-67578-PWB |
| SHEENA BLACKWELL YOUNG, | : | CHAPTER 7 |
| Debtor. | : | |
| S. GREGORY HAYS, as Chapter 7 trustee, | : | |
| Movant, | : | |
| v. | : | CONTESTED MATTER |
| SHEENA BLACKWELL YOUNG, | : | |
| Respondent/Debtor. | : | |

**TRUSTEE'S MOTION FOR ORDER: (A) COMPELLING DEBTOR TO PERFORM HER STATUTORY DUTIES, AND (B) PROHIBITING DEBTOR FROM REMOVING PROPERTY OF THE BANKRUPTCY ESTATE**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Sheena Blackwell Young ("**Debtor**"), by and through undersigned counsel, and files *Trustee's Motion for Order: (A) Compelling Debtor to Perform Her Statutory Duties, and (B) Prohibiting Debtor from Removing Property of the Bankruptcy Estate* (the "**Motion**"). In support of his Motion, Trustee shows as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

### *General Background*

2. Debtor initiated the underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "**Bankruptcy Code**") on November 4, 2019 (the "**Petition Date**").

3. On October 21, 2022, the Court entered an order converting the Case to one under Chapter 7. [Doc. No. 61].

4. Trustee was thereafter appointed and remains the duly acting Chapter 7 trustee in this Case.

### *b. The Property*

5. Prior to the Petition Date, Debtor was the sole owner of record of a certain real property with a common address of 3304 Quick Water Landing NW, Kennesaw, GA 30144 (the "**Property**"). [Doc. No. 1 at page 15 of 73].

6. Upon Debtor's filing her voluntary bankruptcy petition, the Bankruptcy Estate was formed, and it includes all her legal or equitable interests in property as of the commencement of the Bankruptcy Case, including the Property. *See* 11 U.S.C. § 541(a)(1).

7. On her *Schedule D: Creditors Who Have Claims Secured by Property*, Debtor scheduled two purported secured claims in the Property: SunTrust Bank (now Truist Bank) in the amount of $188,146.00 [Doc. No. 1 at page 24 of 73]; and Creekside Community Association in the amount of $1,535.00 [Doc. No. 1 at page 24 of 73]. And, three creditors have filed claims in this case [Claim Nos. 1-3, and 10-1, and 17-1] claiming secured claims or interests in the Property

with total balances of approximately $210,000.00

8. Trustee believes that the Property has a value of approximately $405,000.00. As a result, after deducting applicable exemptions, Trustee estimates that the Property has an unencumbered, non-exempt value of well over $100,000.00.

### c. Trustee's Efforts and Debtor's Failure to Comply

9. On April 20, 2023, the Court entered an *Order Approving Employment of Broker, Humphries & King Realty and John Ball* [Doc. No. 78], authorizing Trustee to employ broker Humphries & King Realty and John Ball ("**Broker**") to sell the Property.

10. When Broker went to the Property to list it for sale, Debtor told him that she did not know it was going to be sold and that she would reach out to Trustee to discuss the issue. However, since then, Debtor has not communicated with Broker. Debtor has also ceased communication with Trustee and her counsel, refusing to cooperate with Trustee to sell the Property.

### Relief Requested

11. Trustee requests an Order directing Debtor to: (a) allow Trustee and Trustee's Broker access to the Property; and (b) otherwise cooperate with Trustee in performing his statutory duties.

12. Trustee also requests an order prohibiting Debtor from removing any fixtures or appurtenances from the Property or otherwise causing damage to the Property.

### Basis for Relief Requested

13. Debtor has failed and refused to allow Trustee access to the Property. It is paramount that Debtor cooperate with Trustee in complying with his duties.

14. Section 521 of the Bankruptcy Code, setting forth Debtor's duties, provides that:

(a) The debtor shall . . .

> (3) if a trustee is serving in the case . . . , *cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title*;

> (4) if a trustee is serving in the case . . . , surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title . . . .

11 U.S.C. § 521 (emphasis added).

15. And, in turn, under 11 U.S.C. § 704, Trustee has affirmative duties to, among other things, investigate and reduce to money property of Debtor's Bankruptcy Estate. 11 U.S.C. § 704. Finally, Section 105(a) of the Bankruptcy Code provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16. Importantly, the duties imposed by Section 521 are affirmative obligations. "A trustee is not required to play detective or to chase a debtor into court to gain [her] cooperation." *In re Dunn*, 320 B.R. 161, 165 (Bankr. S.D. Ohio 2004) (quoting *In re Sowers*, 97 B.R. 480, 487 (Bankr. N.D. Ind. 1989)).

17. Based on these laws, Trustee seeks an order directing Debtor to comply with all her required duties, including, without limitation (a) providing Trustee and Broker access to the Property; (b) allowing Broker to place a "For Sale" sign in the front yard, to the extent that Trustee deems it appropriate to sell the Property following an appropriate application to and order from the Court; (c) providing Broker with a key for the lockbox on the door, to the extent that Trustee

4

deems it appropriate to sell the Property following an appropriate application to and order from the Court; and (d) allowing Broker access to the Property as is reasonable for Trustee's marketing of the Property.

18. Trustee and his representatives have made every effort to work with Debtor, but she has not cooperated. So, in addition to seeking access to the Property and an order compelling Debtor to cooperate with Trustee, out of an abundance of caution, Trustee also requests an order prohibiting Debtor from removing any appliances, fixtures, or appurtenances from the Property without Trustee's express permission.

WHEREFORE, Trustee requests that the Court grant the requested relief, and grant such other and further relief as is just and proper.

Respectfully submitted this 21st day of June, 2023.

                ROUNTREE LEITMAN KLEIN & GEER, LLC
                *Attorneys for Trustee*

                By: */s/ Michael J. Bargar*
                    Michael J. Bargar

Century Plaza I                 Georgia Bar No. 645709
2987 Clairmont Road, Suite 350     mbargar@rlkglaw.com
Atlanta, Georgia 30329
404-410-1220

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing *Trustee's Motion for Order: (A) Compelling Debtor to Perform Her Statutory Duties, and (B) Prohibiting Debtor from Removing Property of the Bankruptcy Estate* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Thomas E. Austin
taustin@taustinlaw.com
klyons@taustinlaw.com

Heather D. Bock
bankruptcyecfmail@mccalla.com
BankruptcyECFMail@mrpllc.com
mccallaecf@ecf.courtdrive.com

E. L. Clark
cwatlantabk@gmail.com

S. Gregory Hays
ghays@haysconsulting.net
saskue@haysconsulting.net

GA32@ecfcbis.com
Michelle Hart Ippoliti
Michelle.ippoliti@mccalla.com
bankruptcyecfmail@mccalla.com
mccallaecf@ecf.courtdrive.com

Daniel E. Melchi
dmelchi@luederlaw.com

William Read Pope
read.pope@popelawllc.com

Ryan Starks
ryan.starks@brockandscott.com
wbecf@brockandscott.com

This is to further certify that I have this day served the *Trustee's Motion for Order: (A) Compelling Debtor to Perform Her Statutory Duties, and (B) Prohibiting Debtor from Removing Property of the Bankruptcy Estate* by first class, United States mail, with postage prepaid fully thereon, to the following parties:

Sheena Blackwell Young
3304 Quick Water Landing NW
Kennesaw, GA 30144

This 21st day of June, 2023.    By: /s/ *Michael J. Bargar*
Michael J. Bargar
Ga. Bar No. 645709