**IT IS ORDERED as set forth below:**

**Date: December 12, 2022**

_____

**Jeffery W. Cavender**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
|  | ) |  |
| DARWIN G. FLORES, | ) | CASE NO. 20-67784-JWC |
|  | ) |  |
| Debtors. | ) |  |
| ------------------------------ | ) | ------------------------------ |
|  | ) |  |
| S. GREGORY HAYS, as Chapter 7 trustee, | ) |  |
|  | ) |  |
| Movant, | ) |  |
|  | ) |  |
| v. | ) | CONTESTED MATTER |
|  | ) |  |
| U.S. BANK NATIONAL ASSOCIATION, NEWREZ LLC d/b/a Shellpoint Mortgage Servicing, GWINNETT COUNTY TAX COMMISSIONER and DARWIN G. FLORES, | ) ) ) ) ) |  |
|  | ) |  |
| Respondents. | ) |  |

**ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO (A) SELL PROPERTY OF THE BANKRUPTCY ESTATE FREE AND CLEAR OF ALL LIENS, INTERESTS, AND ENCUMBRANCES AND (B) DISBURSE CERTAIN PROCEEDS AT CLOSING**

On November 7, 2022, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estates (the "**Bankruptcy Estate**") of Darwin G. Flores ("**Debtor**"), filed *Trustee's Motion for Authority to (A) Sell Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (B) Disburse Certain Proceeds at Closing* [Doc. No. 92] (the "**Sale Motion**"), pursuant to 11 U.S.C. §§ 363(b), (f), and (m), and Fed. R. Bankr. P. 2002(a)(2), 6004(a), 6004(c), and 9014.  In the Sale Motion, Trustee sought, among other things, an order from the Court authorizing the sale ("**Sale**") of that certain real property known generally as 5598 Charmaine Bnd, Norcross, GA 30071 (the "**Property**") to Ye Liu (the "**Purchaser**"), "as is, where is," for the sale price of $247,500.00 (the "**Purchase Price**") with a seller contribution of $2,500.00 in accordance with the terms of a *Purchase and Sale Agreement* (the "**Contract**"), attached to the Sale Motion as Exhibit "A."

Also on November 7, 2022, Trustee filed *Notice of Trustee's Motion for Authority to (A) Sell Property of the Bankruptcy Estate Free and Clear of All Liens, Interests, and Encumbrances and (B) Disburse Certain Proceeds at Closing; Deadline to Object; and for Hearing* [Doc. No. 93] (the "**Notice**") regarding the Sale Motion, in accordance with the Second Amended and Restated General Order No. 24-2018.  Counsel for Trustee certifies that he served the Notice on all requisite parties in interest on November 7, 2022.  [Doc. No. 94].

The Notice provided notice of the opportunity to object whereupon a hearing would be held on December 15, 2022, at 11:00 a.m., pursuant to the procedures in the Second Amended and Restated General Order No. 24-2018.

On November 10, 2022, U.S. Bank National Association ("**U.S. Bank**") filed a response [Doc. No. 95] (the "**Response**") to the Sale Motion, among other things, requesting that Trustee pay its secured claim in the Property in full at the closing of the proposed Sale.  In his Sale

Motion, Trustee requested relief to pay the secured claim of U.S. Bank in full, and Trustee intends to pay the secured claim of U.S. Bank in full at the closing of the proposed Sale.

No other creditor or party in interest filed an objection to the Sale Motion prior to the objection deadline provided in the Notice.

The Court having considered the Sale Motion and all other matters of record, including the Response and the lack of objection by any other creditor or party in interest to the relief requested in the Sale Motion, and based on the foregoing, finding that no further notice or hearing is necessary, and, the Court having found good cause exists to grant the relief requested in the Sale Motion, it is hereby

**ORDERED** that the Sale Motion is **GRANTED** and that the Response is **OVERRULED** in part and **GRANTED** in part, as expressly set forth herein. It is further

**ORDERED** that the Contract is **APPROVED** and its terms are incorporated into this Order. It is further

**ORDERED** that Trustee, in his business judgment, is authorized to consider and agree to any offer from a competing bidder (the "**Substitute Purchaser**") that (a) exceeds the Purchase Price by at least $7,000.00; (b) is supported by earnest money of at least two percent (2%) of the bid price; (c) is not accompanied by any contingencies; and (d) can close within 10 days of the entry of this Order. It is further

**ORDERED** that Trustee is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale of the Property to Purchaser or a Substitute Purchaser and perform under the terms of the Contract; (b) execute, perform, consummate, implement, and close fully the Sale together with all additional instruments and documents that may be reasonably necessary; and (c) execute and perform all of the obligations of Trustee under the

Contract.  It is further

**ORDERED** that this Order shall be binding upon all creditors (whether known or unknown) of Debtors, Purchaser, any Substitute Purchaser, Trustee, the Bankruptcy Estate, and their respective successors, assigns, affiliates, and subsidiaries.  It is further

**ORDERED** that upon consummation of the closing of the Sale, the Property shall be transferred and assigned to Purchaser or a Substitute Purchaser free and clear of all liens, claims, interests, and encumbrances with all unpaid, valid, and enforceable liens, claims, interests, or encumbrances attaching to the Sale proceeds with the same extent, validity, and priority that they held in the Property.  It is further

**ORDERED** that the Sale of the Property to Purchaser or a Substitute Purchaser is "as is," "where is," and without representation or warranty, express or implied, from Trustee.  It is further

**ORDERED** that the transactions contemplated by the Contract and this Order are undertaken by the Purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Property shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal.  The Purchaser is a purchaser in good faith of the Property, and she is entitled to all the protections afforded by Section 363(m) of the Bankruptcy Code.  It is further

**ORDERED** that, under Fed. R. Bankr. P. 6004(h), this Order shall be effective and enforceable immediately upon entry, and its provisions shall be self-executing.  In the absence of any person or entity obtaining a stay pending appeal, Trustee and Purchaser or a Substitute Purchaser are free to close the Sale of the Property at any time, at which time the gross Sale

proceeds shall be paid to Trustee pursuant to this Order, and those disbursements requested by the Trustee in his Sale Motion are authorized to be made, including, but not limited to: (a) Debtor's homestead exemption of $21,500.00; and (b) the required full payoff owed to U.S. Bank for its secured claim in the Property. It is further

**ORDERED** that this Court retains exclusive jurisdiction over any action relating to, based upon, or arising from disputes or controversies relating to or concerning the Sale, the Contract, or this Order.

### [END OF DOCUMENT]

Order prepared and presented by:

ROUNTREE LEITMAN KLEIN & GEER LLC
*Attorneys for Chapter 7 Trustee*

By:*/s/ Michael J. Bargar*
   Michael J. Bargar
   Georgia Bar No. 645709
Century Plaza I
2987 Clairmont Rd, Suite 350
Atlanta, Georgia 30329
Phone: (404) 410-1220
mbargar@rlkglaw.com

Order reviewed and consented to by:

LEFKOFF, RUBIN, GLEASON, RUSSO & WILLIAMS, P.C.
*Attorneys for U.S. Bank*


By:*/s/ Andrew D. Gleason*     *(with express permission by MJB)*
   Andrew D. Gleason
   Georgia Bar No. 297122
   algeason@lrglaw.com
5555 Glenridge Connector
Suite 900
Atlanta, GA 30342
404-869-6900

**Identification of parties to be served:**

Office of the United States Trustee, 362 Richard B. Russell Bldg.,75 Ted Turner Drive, SW, Atlanta, Georgia 30303

S. Gregory Hays, Chapter 7 Trustee, Hays Financial Consulting, LLC, Suite 555, 2964 Peachtree Road, Atlanta, GA 30305

Bruce Williams, CEO, NewRez LLC, 1100 Virginia Drive, Suite 125, Fort Washington, PA, 19034

NewRez LLC, c/o Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092

Andrew D. Gleason, Lefkoff Rubin Gleason Russo & Williams PC, 5555 Glenridge Connector, Suite 900, Atlanta, GA 30342

Denise R. Mitchell, Gwinnett County Tax Commissioner, PO Box 829, Lawrenceville, GA 30046

Michael Campbell, Attention: Denise Hammock, Campbell & Brannon, LLC, 5565 Glenridge Connector, Suite 350, Atlanta, GA 30342

Darwin G. Flores, 5598 Charmaine Bnd, Norcross, GA 30071

U.S. Bank National Association, Andy Cecere, CEO, 425 Walnut St, Cincinnati, OH 45202

U.S. Bank National Association, Andy Cecere, CEO, PO Box 1950, St. Paul, MN 55101-0950

Michael J. Bargar, Rountree Leitman Klien & Geer, LLC, Century Plaza I, 2987 Clairmont Road, Ste 350, Atlanta, Georgia 30329